## GILMAN *v.* BARTLETT.

An appeal from a judgment of a justice of the peace in a civil action cannot be regularly granted, unless the appellant enter into recognizance with more sureties than one; and an appeal so irregularly entered will be dismissed on motion.

APPEAL from a justice of the peace in a civil action. The record of the judgment recites that the defendant claimed an appeal, and recognized with sufficient sureties. But by the recognizance produced, it appeared that the defendant recognized as principal, and one Chase, as his surety, and he was the only surety, and the appeal was granted.

The plaintiff, at the April term, 1848, moved to dismiss the appeal, on the ground that there was but one surety in the recognizance, which motion was denied by the court, to which the plaintiff excepted. The appeal was entered at the Court of Common Pleas, October term, 1846.

It was ordered that the questions arising on the foregoing case be reserved and assigned to the determination of the Superior Court.

*Bowman*, for the plaintiff.

*D. Clark*, for the defendant.

GILCHRIST, C. J. The question arising in this case was considered by the court in *Sanborn* v. *Pease*, in the county of Rockingham; when it was held that by the terms of the Rev. Stat., ch. 175, sec. 7, requiring the appellant to enter into recognizance with "sufficient sureties," there must be more sureties than one. The appeal, therefore, not having been regularly granted, must be dismissed.

*Appeal dismissed.*